[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} The defendant-appellant, James Hamilton, appeals from his conviction, following a bench trial, for robbery. In his single assignment of error, Hamilton contends that the prosecution presented insufficient evidence to convict him, and that the finding of guilt was contrary to the manifest weight of the evidence. We disagree.
{¶ 3} On October 1, 2002, Hamilton had been at the home of Johnny Walker. Later that evening, he returned to the home and was admitted by Walker's teenage nephew. Hamilton asked to see Walker and was directed to the basement. Walker testified that Hamilton, after arriving in the basement, asked him for change. According to Walker, when his attention was diverted, Hamilton grabbed him around the neck, threw him to the ground, and put a gun to his head. Walker testified that Hamilton told him to surrender the jewelry he was wearing and threatened to kill everyone in the house if he screamed. Walker stated that Hamilton forcibly removed a bracelet and four rings that he was wearing and then took his money before leaving. Walker's nephew and wife testified that when Walker came up the stairs, Walker informed them that Hamilton had robbed him. Walker and his wife subsequently identified Hamilton from a photographic lineup.
{¶ 4} Hamilton's story differed from Walker's. According to Hamilton, he owed Walker $500 for marijuana. He stated that he went to Walker's home to tell him that he could not pay that day because he had just paid an electric bill and also had to give money to his girlfriend for his three children. According to Hamilton, Walker had a gun. Hamilton said Walker wanted his jewelry to pawn for the debt. He testified he went upstairs under the pretense that he was going to the bathroom and left the Walker house. At trial, Hamilton admitted that he had a previous conviction for a misdemeanor weapons offense, and that he was on probation for an undisclosed offense when he was arrested on the present charges.
{¶ 5} The trial court found Hamilton not guilty of the aggravated robbery charged in the first count of the indictment, but guilty of robbery, a second-degree felony, in violation of R.C. 2911.01(A)(1), as charged in the second count of the indictment. The trial court sentenced him to a four-year prison term.
{¶ 6} When reviewing the sufficiency of the evidence to support a criminal conviction, we must examine the evidence admitted at trial in the light most favorable to the prosecution and determine whether it could have convinced any rational trier of fact that the essential elements of the crime were proved beyond a reasonable doubt. See Statev. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 54; Statev. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (superseded by state constitutional amendment on other grounds in State v. Smith, 80 Ohio St.3d 89, 1997-Ohio-335, 684 N.E.2d 668.) We neither resolve evidentiary conflicts nor assess the credibility of the witnesses, as both functions are reserved for the trier of fact. SeeState v. Willard (2001), 144 Ohio App.3d 767, 777-778, 761 N.E.2d 688. When reviewing the record in a weight-of-the-evidence challenge, on the other hand, we weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and decide whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. Thompkins, supra, at 387, 687 N.E.2d 54.
{¶ 7} The elements of robbery are set forth in R.C. 2911.02(A), which provides, "No person, in attempting or committing a theft offense * * * shall do any of the following: * * * (2) [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]" Reviewing the record, we hold that there was substantial, credible evidence from which the trial court, sitting as the trier of fact, could have believed Walker instead of Hamilton and reasonably concluded that the state had proved all elements of the offense of robbery beyond a reasonable doubt. Further, we hold that the trial court's decision to credit Walker's version of events was not contrary to the manifest weight of the evidence.
{¶ 8} Counsel has attached to Hamilton's brief a letter from Hamilton that lists six errors without discussion, and counsel requests that they be considered as pro se assignments of error. Pursuant to App.R. 16, we need not review assignments of error not raised in an appellant's original brief. Because Hamilton's additional assignments of error are not appropriately before this court, we decline to consider them.
{¶ 9} Therefore, the judgment of the trial court is affirmed.
{¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.